## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LESTER DESHAZOR,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RWT-11-3412 |
| **C.O. II LAROD[1]**, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Lester DeShazor (DeShazor) filed the above-captioned civil rights complaint pursuant to 42 U.S.C. §1983. ECF No. 1. Defendants filed a Motion for Summary Judgment (ECF No. 16) and DeShazor opposes the motion (ECF No. 22). No hearing is necessary for disposition of this case. Local Rule 105.6 (D. Md. 2011).

### Background

DeShazor claims that on October 8, 2011, he went to the prison visiting room where Officer Barb asked him to submit to a pat down search. The search was to be conducted in a separate smaller room. DeShazor asserts that Barb asked him what his problem was instead of conducting the search. DeShazor claims that they exchanged words and Barb sent him back to his housing unit, without allowing him to have his visit. When DeShazor arrived at his housing unit, Officers Beal, Larue, and Faulkner were waiting for him. DeShazor claims that he was put in handcuffs by the officers and taken into a small room, where Larue and Beal held his arms while Faulkner repeatedly punched him in the abdomen. After the assault, DeShazor was escorted to disciplinary segregation and did not receive medical treatment. ECF Nos. 1 and 22.

---

[1] Defendant "Larod" is actually Defendant Terrell S. Larue. *See* ECF No. 16 at p. 1. The Clerk will be directed to correct the docket accordingly.

Defendants state that Officer Barb terminated DeShazor's visit because he refused three requests for a pat down search. ECF No. 16 at Ex. 2, p. 16. Barb sent DeShazor back to his housing unit and issued a notice of inmate rule violation as a result of the incident. At a disciplinary hearing on October 17, 2011, DeShazor was found guilty of violating rules 312 and 400 and given a segregation sentence of sixty-days. *Id*. at p. 13. DeShazor later filed an Administrative Remedy Procedure request (ARP) claiming that Barb had fabricated the rule violation, and requested damages. *Id*. The ARP did not include a claim of excessive force and DeShazor did not mention the incident at the disciplinary hearing. *Id*. at pp. 24, 26.

It was only after DeShazor's appeal of the rules violation was denied on November 9, 2011, that he began to claim that he was assaulted by Faulkner as a form of retaliation for refusing Barb's requests for a search. He did not claim that Larue and Beal participated by holding his arms; rather, he claimed during an interview with Detective Sergeant Fagan that they watched as Faulkner punched him and appeared to be surprised. ECF No. 16 at Ex. 1, p. 4. Faulkner, Larue, and Beal assert they have no recollection of a violent incident involving DeShazor on October 8, 2011.

On December 30, 2011, Captain Butler reported the claimed assault to the Department of Public Safety and Correctional Services Internal Investigative Unit (IIU), resulting in an IIU investigation. ECF No. 16 at Ex. 3, p. 3. During the investigation, Faulkner stated that he never had words with DeShazor and never inflicted bodily harm on him. *Id*. at Ex. 2, p. 10. The IIU investigation concluded that there was no evidence of an assault, nor was there any medical evidence that DeShazor had sustained an injury. In short, there was no witness or physical evidence to support DeShazor's claim.

DeShazor first reported an alleged injury in December of 2011. ECF No. 16 at Ex. 6. On January 13, 2012, he reported to the medical department with complaints of abdominal pain. Upon examination, his abdomen was described as "soft but not tender." *Id*. at p. 29. On April 1, 2012, DeShazor again visited the infirmary complaining of abdominal discomfort, and wrote that he thought he had been injured as a result of an alleged incident with the "police" approximately six months earlier. In response to his complaint, DeShazor was advised against eating greasy foods and told to drink more fluids. *Id*. at p. 2.

## Standard of Review

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 645 (4th Cir. 2002). The Court

3

must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates, as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *See Wilkens v. Gaddy*, __ U.S. __, 130 S. Ct. 1175 (2010). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id*. at 1178-79.

In his Response in Opposition to Defendants' Motion for Summary Judgment, DeShazor simply restates the allegations in the Complaint. In addition to his affidavit, DeShazor provides the affidavit of two inmates. One inmate claims to have seen Faulkner punching DeShazor, and the other claims that he shared a cell with DeShazor and DeShazor complained of abdominal pain following the alleged assault. ECF No. 22 at Atts. 2 and 3. DeShazor does not explain why he changed his story regarding the participation of Beal and Larue, nor does he explain why he

did not attribute the abdominal pain issue to the alleged assault when he was first seen in December.  Further, he does not explain why the incident was not mentioned when he was seen in February or the two times he was seen in January.  ECF No. 16 at Ex. 6.  DeShazor simply claims he placed sick call slips in but was never seen.  His statement is belied by the medical records submitted.  *Id*.  There is no explanation offered as to why the names of the two inmates who are now presented as witnesses were not given to the IIU for purposes of that investigation. ECF No. 16 at Ex. 2, p. 2 (listing no witnesses).  Indeed, DeShazor told the investigating officer there were no other inmates around when the assault occurred.  *Id*. at p. 10.  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."   *Scott v. Harris*, 550 U.S. 372, 380 (2007). Defendants are entitled to summary judgment in their favor on the excessive force claim.

In order to prevail on a claim of retaliation, DeShazor "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  It is unclear how much of a showing of adversity must be made in order to survive a motion for summary judgment. *Compare Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) ("complaint that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death" sufficient to state claim).  "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone.'"  *Gill v. Mooney*, 824 F.2d 192, 194-95 (2d Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

To the extent DeShazor alleges a retaliation claim, he fails to allege that he was engaged in the exercise of a constitutionally protected right.  His assertion that he was assaulted by Faulkner at the behest of Barb because DeShazor refused to be searched is a bald allegation subject to dismissal.

A separate Order follows.

Date: <u>October 11, 2012</u>                                                         <u>          /s/                            </u>
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE